UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK JOZWIAK,

      Plaintiff,

Case No. 11-cv-12331
Honorable Thomas L. Ludington

v.

HOME DEPOT U.S.A., INC.,

      Defendant.
_____/

**ORDER DENYING PLAINTIFF'S COUNSEL'S REQUEST TO STAY PROCEEDINGS WITHOUT PREJUDICE**

On April 16, 2012, counsel for Plaintiff Mark Jozwiak filed a suggestion of death, noting that Mr. Jozwiak has died. Plaintiff's counsel requests that the case be stayed indefinitely until an estate has been opened and a personal representative for Mr. Jozwiak's estate has been appointed. ECF No. 17.

If a party dies, Federal Rule of Civil Procedure 25(a)(1) establishes a 90-day time period in which a motion substituting a proper party may be made "after service of a statement noting the death." Rule 25 was amended an 1963 in order to liberalize the procedure. 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1955 (3d ed. 2007). The date of death no longer begins the time period for substituting a successor party, as it did under the former rule. Instead, the time period does not begin until the death is noted on the record by service of a statement of the fact of death. Indeed, there is no particular time period within which that statement must be made after the death occurs. *Id.* Also, any party to the case may make the filing, *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 885 (E.D. Mich. 2007), but as noted in Moore's Federal Practice, the representative of a plaintiff will rarely have any reason to file a suggestion of

death. 6 James Wm. Moore et al., Moore's Federal Practice § 25.13[2][a] (3d ed. 2006).

A suggestion of death must be in writing and identify the representative to be substituted, and served on all parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam); *Reynolds v. City of Detroit*, No. 08-cv-14909, 2009 WL 5214873, at *3 (E.D. Mich. Dec. 28, 2009); *Blair v. Beech Aircraft Corp.,* 104 F.R.D. 21, 22 (W.D. Pa. 1984) (holding that "reference to the death of the Plaintiff in the pleadings is not sufficient"); *see also* 7C Federal Practice & Procedure § 1955.  The motion to substitute a party must be filed by a party or the successors or representatives of the decedent, not an attorney for the deceased party acting on his own. *Currency $11,331*, 482 F. Supp. 2d at 885. "If a motion [to substitute the proper party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The court may extend the period for substitution if a request is made before the expiration of the 90-day period and also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect. 7C Federal Practice & Procedure § 1955.

Here, Plaintiff's counsel's suggestion of death does not identify the successor representative of the deceased and is thus insufficient to commence the 90-day time period within which to file a motion to substitute the proper party to the case.  In the event that Plaintiff's counsel wishes to pursue his request for a stay of proceedings, his request must be made through a motion explaining why a stay of proceedings is necessary at this juncture.

Accordingly, it is **ORDERED** that Plaintiff's counsel's request for a stay of proceedings is **DENIED WITHOUT PREJUDICE**.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: April 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 18, 2012.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS